**In the Matter of Norman B. & Patricia A. ARTRIP, Debtors.**

**MAAS BROTHERS, INC., Plaintiff,**

v.

**Norman B. & Patricia A. ARTRIP, Defendants.**

**Bankruptcy No. 81–698.
Adv. No. 81–231.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 18, 1983.

John R. Shuman, Clearwater, Flá., for plaintiff.

Alfred E. Johnson, North Fort Myers, Fla., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Code Chapter 7 case and the matter is a proceeding arising under Title 11, U.S.C. This is an adversary proceeding and the matter in controversy is the dischargeability vel non, of a debt in the amount of $759.19 admittedly due to Maas Brothers, Inc. (the Plaintiff) by Norman B. Artrip and Patricia A. Artrip, the Debtors involved in the above-captioned Chapter 7 case. The claim of non-dischargeability is based on the allegation of the Plaintiff that the Debtors obtained property by false pretenses, specifically by use of a credit card, knowing that they would not be able to meet the charges incurred.

The record established by depositions of the Debtors and documentary evidence reveals the following:

In late 1978, the Debtors opened a charge account with Maas Brothers, Inc. At the time relevant to the matters under consideration, Norman Artrip was employed by Bill Branch Chevrolet as a car salesman and was paid a weekly draw of $150 to be credited against earned commission. His total earnings between October 1980 and April 24, 1981 totalled $6,871.79. Patricia A. Artrip, his wife, was a real estate salesperson and as such was compensated on a commission basis. Her earnings totalled $683.97 between January, 1981 and June, 1981. The Debtors have two teenage children. Norman Artrip lost his position with Bill Branch and was unemployed at the time he filed his Petition for Relief although his statement of affairs indicates that he was employed by Roth Motors ostensibly as a car salesman. The Statement of Affairs further indicates that Norman Artrip received a discharge in 1967 in the Eastern District of Kentucky, Lexington Division. It further appears that in February, 1981, the Debtors sold their home and a 1971 Chevrolet and used the funds to meet their living expenses.

The Schedule of Liabilities indicates a secured indebtedness to Sears in the amount of $1,037 and unsecured debts in the total amount of $20,951 of which $259 is the scheduled debt owed to the Plaintiff.

The Petition for Relief was filed on April 22, 1978. The Debtor's monthly budget in-

cluding the monthly payments on the various charge accounts during the relevant period exceeded $2,000, while their income was not more than $602 net for Patricia Artrip and $1,200 gross for Norman Artrip. By December, 1980, practically all of the Debtors' charge accounts were past due (e.g. Visa, Plf's Exh. # 4; Sears, Plf's Exh. # 5; MasterCard, Plf's Exh. # 7). On March 14, 1981, Norman Artrip's employment with Bill Branch ceased. In spite of this occurrence and in spite of their already overburdened budget, the Debtors charged an additional $669.75 in clothing and merchandise during the week of March 12–18, 1981 at Maas Brothers.

The claim of non-dischargeability is based on § 523 which provides:

§ 523(a)(2)(A)

(a) A discharge ... does not discharge an individual debtor from any debt—
(2) for obtaining money, property, or services, or an extension, renewal or refinance of credit, by—
(A) false pretenses, a false representation ...

This Section is derived, with slight modification, from § 17(a)(2) of the Bankruptcy Act of 1898, and the case law as developed under the Act pertaining to the obtaining of property through false pretenses and false representation is equally applicable to such a charge under the Code.

 It has long been recognized that in every credit card purchase, there is an implied representation to the merchant and to the issuer of the card that the buyer has the ability and the intention to pay for the purchases made on credit. Accordingly, when one purchases goods on credit and knows that he is unable to comply with the payment requirements of the contract, or it appears from the evidence that he had no intention to pay for the goods, he obtains the goods through false pretenses. *In re Boydston,* 520 F.2d 1098 (5th Cir.1975); *Matter of Ratajczak,* 5 B.R. 583 (Bkrtcy.M. D.Fla.1980). Such false pretenses render the liability created by the credit purchases non-dischargeable by virtue of § 523(a)(2)(A).

Applying the foregoing principles to the present facts, it is clear that the Debtors made their March, 1981 purchases at Maas Brothers with full knowledge that they would not be able to pay for them. At that time, their monthly bills already exceeded their combined income and Mr. Artrip's employment was discontinued. Yet, they did not hesitate to further strain their already precarious financial condition by additional credit purchases. There is no evidence that they were able to meet their debts as they came due or that the situation was a result of unexpected financial reverses. Therefore, the Court is satisfied that the liability based on the charges incurred is one created by false pretenses and false representations and it should be excluded from the protection of the overall general bankruptcy discharge.

A separate final judgment will be entered in accordance with the foregoing.