744 F.2d 1060
 11 Collier Bankr.Cas.2d 1190, 12 Bankr.Ct.Dec. 466,
Bankr. L. Rep. P 70,054
 Robert ENGLER, Appellant,
v.
Louis Edward VAN STEINBURG, Appellee.
In re Louis Edward VAN STEINBURG, Jr., a/k/a Edward L. Van
Steinburg, and Dorothy M. Van Steinburg, Debtors.
 No. 84-1189.
 United States Court of Appeals,
Fourth Circuit.
 Argued Aug. 29, 1984.
Decided Oct. 1, 1984.
 
 James W. Stone, Hagerstown, Md. (Miller, Oliver & Beachley, Hagerstown, Md., on brief), for appellant.
 Charles A. Castle, Frederick, Md., on brief), for appellee.
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Robert Engler appeals an order in bankruptcy discharging a debt owed to him by Louis Van Steinburg, a bankrupt. By consent of the parties, the case was appealed directly to this court. We affirm.
 
 
 2
 Engler loaned Van Steinburg $5,500, taking a security interest in livestock and farm implements. Van Steinburg assured Engler orally throughout the loan negotiations that Engler would have a first priority security interest in the property, even though Van Steinburg knew that other creditors had superior liens. All statements in the mortgages securing Engler were accurate.
 
 
 3
 The Bankruptcy Act provides that a debtor may not discharge debts for money obtained by false pretenses, false representations, or fraud, except that false statements "respecting the debtor's ... financial condition" must be in writing in order for the debt to be nondischargeable. 11 U.S.C. Secs. 523(a)(2)(A), 523(a)(2)(B).
 
 
 4
 The bankruptcy court held that the debtor's oral misrepresentations that he owned the property free and unencumbered related to his financial condition. We find no error in the court's application of the statute to the facts in this case.
 
 
 5
 Engler relies on In re Pollina, 31 B.R. 975 (D.C.D.N.J.1983), which held that a debtor's false representations that he owned certain collateral free and clear of all liens barred discharge of the debt pursuant to 11 U.S.C. Sec. 523(a)(2)(A). The representations were in writing, and according to our interpretation of the statute they would bar discharge under 11 U.S.C. Sec. 523(a)(2)(B), so we do not differ from the result reached by the Pollina court. Pollina, however, went on to say that a statement respecting the debtor's financial condition means a formal financial statement, such as a typical balance sheet or a profit and loss statement, and not a statement that specific collateral is owned free of other encumbrances. We cannot accept this aspect of Pollina.
 
 
 6
 Concededly, a statement that one's assets are not encumbered is not a formal financial statement in the ordinary usage of that phrase. But Congress did not speak in terms of financial statements. Instead it referred to a much broader class of statements--those "respecting the debtor's ... financial condition." A debtor's assertion that he owns certain property free and clear of other liens is a statement respecting his financial condition. Indeed, whether his assets are encumbered may be the most significant information about his financial condition. Indeed, whether his assets are enumbered may be the most significant information about his financial condition. Consequently, the statement must be in writing to bar the debtor's discharge. Blackwell v. Dabney, 702 F.2d 490 (4th Cir.1983).
 
 
 7
 AFFIRMED.