**In re M. Charles McBEE, Debtor.**

**PATERNO IMPORTS, LTD., Plaintiff,**

**v.**

**M. Charles McBEE, Defendant.**

**Bankruptcy No. 91–34241–T.**
**Adv. No. 92–3011–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

July 20, 1993.

---

2.  *See* Va.Code §§ 36–97 *et seq.*

Philip C. Baxa, John R. Sloan, Mays & Valentine, Richmond, VA, for defendant.

Archie C. Berkeley, Jr., Berkeley, DeGaetani & Frye, Richmond, VA, for plaintiff.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This adversary proceeding comes before the court on defendant's motion for summary judgment on both counts of plaintiff's complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(2)(B). For the reasons stated in this memorandum opinion the court grants summary judgment in favor of defendant as to count 2 of the complaint, but denies defendant's request for summary judgment as to count 1.

### Facts

In 1987 Paterno Imports, Ltd. ("Paterno") began supplying inventory to a corporation known as International Wine Company, Inc. ("IWC"), a New York corporation, owned by the debtor. Eventually, in 1988 IWC's balances became overdue and Paterno sought to collect its unpaid invoices from IWC. Plaintiff alleges that in response to its collection threats the debtor offered to personally guaranty the obligations of IWC. It is alleged that debtor offered his personal guaranty in exchange for Paterno's agreement not to commence immediate collection efforts and to afford IWC time resolve its financial difficulties. Plaintiff alleges it agreed to forebear and extend the overdue credit in exchange for debtor's unconditional personal guaranty of the outstanding corporate debt provided that the debtor's personal wealth would support such a guaranty.

In November 1988, the parties entered into an Individual Guaranty contract ("guaranty") representing the debtor's personal guaranty of the IWC corporate debt. At the same time it is alleged that plaintiff required debtor to provide a financial statement to support the guaranty before it would agree to extend the credit. A financial statement was provided that plaintiff alleges is fraudulent in that it contains assets not belonging to the debtor. This allegedly false financial statement is the basis of count 1 of the complaint. Count 2 is based on alleged oral misrepresentations by the defendant that had a net worth of approximately $1,600,000.00 and that he owned all the assets listed on his financial statement.

The guaranty contains a boilerplate merger clause as follows:

> This writing is intended by the parties as a final expression of this agreement of guaranty and is intended also as a complete and exclusive statement of the terms of the agreement. No course of prior dealings between the parties, no usage of the trade, and no parole or extrinsic evidence of any nature shall be used or be relevant to supplement or explain or modify any term used in this agreement of guaranty.

*See* Plaintiff's Exhibit 1.

### Discussion and Conclusions of Law

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriately granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. The court must review facts in the light most favorable to the party opposing summary judgment and any and all inferences to be made from such facts must also be made in favor of the party opposing summary judgment. *See e.g., Crenshaw Associates v. Martin (In re Martin ),* 138 B.R. 508, 510 (Bankr. E.D.Va.1992) (citing *Matsushita Electric Industry Company Limited v. Zenith Ra-*

*dio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

*Count 1—11 U.S.C. § 523(a)(2)(B).*

■ The issue before the court on defendant motion for summary judgment as to count 1 is whether the allegedly false financial statement is admissible evidence. Defendant argues that because the guaranty is unconditional and contains a merger clause that the parol evidence rule applies to exclude the allegedly false financial statement.

The court believes defendant's analysis misses the mark.[1] The defendant asserts that the contract being challenged by plaintiff's complaint is the guaranty itself. In my view the guaranty is only one-half of the agreement in dispute. Plaintiff's complaint alleges that the "contract" in dispute is its agreement to extend credit to defendant in exchange for a personal guaranty. It is under this agreement that the defendant allegedly obtained an extension of credit by use of a statement in writing:

  (i)  that is materially false;

  (ii) respecting the debtor's or an insider's financial condition;

  (iii) on which the creditor to whom the debtor is liable for such ... credit reasonably relied; and

  (iv) that the debtor caused to be made or published with intent to deceive; ...

11 U.S.C. § 523(a)(2)(B).

The court agrees with defendant that the parol evidence rule would exclude any at-tempt by the plaintiff to alter the terms of the guaranty itself. For example, plaintiff could not introduce evidence attempting to show that defendant guaranteed other obligations not provided for in the guaranty or that defendant's guarantee was in a capacity other than that which is provided for in the guaranty (i.e., primary or secondary liability).[2] These issues are not before the court because the terms of the guaranty are not being disputed.

■ What is in dispute is the plaintiff's agreement to extend credit in return for a personal guaranty from defendant. Plaintiff alleges that it was fraudulently induced by defendant to enter this credit arrangement. Even if the parol evidence rule was applicable, it is hornbook law that the rule does not apply to exclude proof of fraudulent inducement. *See* Barry Russell, Bankruptcy Evidence Manual § 21 (1991); Charles E. Friend, The Law of Evidence in Virginia § 293 (3d ed. 1988) (citing *Slaughter v. Smither*, 97 Va. 202, 33 S.E. 544 (1899)); 9 John Henry Wigmore, Evidence § 2423 & § 2439 (Chadbourn rev. 1981 & Reiser rev. Supp.1993) (citing *Baum v. Great Western Cities, Inc.*, 703 F.2d 1197 (10th Cir.1983); *Pinken v. Frank*, 704 F.2d 1019 (8th Cir.1983)); 3 Spencer A. Gard, Jones on Evidence § 16.1 & § 16.2 (6th ed. 1972).

Accordingly, defendant's motion for summary judgment as to count 1 is denied.

---

**1.** Defendant argues that *Crenshaw Associates v. Martin (In re Martin )*, 138 B.R. 508 (Bankr. E.D.Va.1992) supports its position. I disagree.

In *In re Martin* the parties entered a universal pre-bankruptcy settlement of their financial dispute. When the debtor was unable to perform under the settlement agreement and filed bankruptcy, the creditor filed its § 523(a)(2)(B) complaint alleging the settlement agreement was fraudulently induced by a false financial statement not attached to the agreement. The settlement agreement also contained a specific merger clause that exclude any "representations" or "inducements" not contained in the agreement or its attachments. Judge Shelley of this district ruled that any financial statement not included in the agreement or its attachments would be excluded by the parol evidence rule and granted summary judgment for defendant. *Crenshaw*

*Associates v. Martin (In re Martin )*, 138 B.R. 508 (Bankr.E.D.Va.1992).

Here, the defendant is attempting to use a general merger clause contained in a guaranty that is not in dispute to exclude evidence that he allegedly obtained an extension of credit from the plaintiff by fraud. In my view *In re Martin* is not applicable to the facts here.

**2.** The defendant's reliance on the guaranty being "unconditional" is also misplaced. The "unconditional" language in the guaranty refers to the defendant's primary liability for the obligations being guaranteed and parole evidence would be inadmissible to contradict this point. The term unconditional in the guaranty contract has no application to the credit extension agreement between plaintiff and defendant.

*Count 2—11 U.S.C. § 523(a)(2)(A).*

■ Defendant's motion for summary judgment as to count 2 is based on the wording of 11 U.S.C. § 523(a)(2)(A). Section § 523(a)(2)(A) provides that a debt is nondischargeable if the debt is incurred by:

> false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's or an insider's financial condition;*

11 U.S.C. § 523(a)(2)(A) (emphasis added).

Plaintiff alleges that defendant made oral representations that his personal net worth was approximately $1,600,000.00 and that the assets listed on his financial statement were his alone. These allegedly false representations are the sole basis of count 2.

The question before the court is whether these statements were "statements respecting the debtor's financial condition." If so, they cannot serve as a basis for nondischargeability under § 523(a)(2)(A). *Engler v. Van Steinburg (In re Van Steinburg),* 744 F.2d 1060 (4th Cir.1984); *United Virginia Bank v. Cook (In re Cook),* 46 B.R. 545 (Bankr.E.D.Va.1985).

The court concludes that the debtor's alleged statements regarding his net worth and ownership of the assets listed on his financial statement were statements respecting his financial condition. Accordingly, these statements cannot be used to support count 2 of plaintiff's complaint. There being no other allegation to support count 2 of plaintiff's complaint it must be dismissed.

A separate order will be entered.