```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Deborah Beaulac and
Nicholas Beattie

    v.                        Civil No. 17-cv-162-JD
                                      Opinion No. 2017 DNH 227

All Systems Satellite
Distributors, Inc., et al.


                      O R D E R


    Deborah Beaulac and Nicholas Beattie brought suit against
their former employers:  All Systems Satellite Distributors,
Inc.[1]; Richard Logiudice, an owner and officer of All Systems;
and Gene's Electronics, Inc.  Beaulac and Beattie allege claims
against All Systems, Logiudice, and Gene's that arose from
events that occurred after Beaulac left All Systems and Gene's
hired and then fired Beaulac and Beattie.  Gene's moves to
dismiss the claims brought against it.


                  Standard of Review

    In considering a motion to dismiss, the court accepts all
well-pleaded facts as true, disregarding mere legal conclusions,
and resolves reasonable inferences in the plaintiff's favor.
Galvin v. U.S. Bank, N.A., 852 F.3d 146, 155 (1st Cir. 2017).
Taken in that light, the complaint must state sufficient facts

---

[1] All Systems identifies itself both as "All Systems" and "All
System's."  It appears that All Systems is the correct spelling.

to support a plausible claim for relief.  In re Curran, 855 F.3d 19, 25 (1st Cir. 2017).  The plausibility standard is satisfied if the factual allegations in the complaint "are sufficient to support the reasonable inference that the defendant is liable." In re Fidelity ERISA Float Litig., 829 F.3d 55, 59 (1st Cir. 2016) (internal quotation marks omitted).  The complaint need not include "a high degree of factual specificity" but "must contain more than a rote recital of the elements of a cause of action."  Carcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (internal quotation marks omitted).

As in their objection to the motion to dismiss filed by Logiudice and All Systems, Beaulac and Beattie fault Gene's for moving to dismiss before discovery has begun.  The court explained in the prior order that Beaulac and Beattie, who are represented by counsel, misunderstand the purpose of a motion under Rule 12(b)(6).  Gene's has not violated any procedural rule by moving to dismiss.

## Background

Beaulac worked at All Systems beginning in 2006 and was promoted to the position of director of sales in New York and New England in 2008.  Her job involved selling satellite television services.  Logiudice was the principal owner and chief executive officer of All Systems.

2

In 2012, Logiudice imposed new conditions on Beaulac that she found onerous. Beaulac believed that the new conditions were intended to force her to leave All Systems. Beaulac resigned, which was effective October 14, 2016.

Soon after her resignation, Beaulac received job offers from Gene's Electronics and Perfect 10, another satellite distribution company. Beaulac negotiated with the principals of Gene's, Stephanie and Darnell Oliver, explaining that she needed a guarantee of employment for at least six months and wanted a job offer for her fiancé, Beattie. Gene's offered Beaulac and Beattie jobs in a letter dated October 26, 2016, and they accepted.

In the letter, Gene's explained the salary offered, the computation of commissions, Beaulac's and Beattie's responsibilities in the job, and how their expenses would be handled. As part of the description of their commissions, the letter stated: "Gene's Electronics will provide a $5000 sign-on bonus with the agreement that they both will work full time for a minimum of 6 months."

In late November of 2016, the Olivers told Beaulac and Beattie that Logiudice had threatened to stop doing business with Gene's unless they terminated Beaulac's employment. The Olivers proposed that they would change the employment relationship to an independent contractor relationship. The

3

next day, however, the Olivers said that they could not offer the independent contractor positions because of a conflict with All Systems.  Gene's then terminated Beaulac and Beattie.

All three defendants moved to dismiss the claims brought by Beaulac and Beattie.  In response, Beaulac and Beattie filed objections and also filed an amended complaint.  As a result, the motions to dismiss the original complaint were dismissed without prejudice.  Gene's now moves to dismiss the claims alleged against it in the amended complaint.[2]

## Discussion

In their amended complaint, Beaulac and Beattie bring claims against Gene's for promissory estoppel, Count II; breach of contract, Count III, and violation of the New Hampshire Consumer Protection Act, RSA Chapter 358-A, Count V.  Gene's moves to dismiss all claims against it.  Beaulac and Beattie object, contending that they have adequately alleged their claims against Gene's.

### A.  Promissory Estoppel

In support of their promissory estoppel claim, Beaulac and Beattie allege that Gene's promised to employ them for at least

---

[2] The court previously granted in part and denied in part the motion to dismiss the amended complaint filed by Logiudice and All Systems.

six months.  They allege that based on that promise they accepted the offer from Gene's and rejected an offer from another prospective employer.  Gene's contends that Beaulac and Beattie cannot bring a claim for promissory estoppel because there is a written employment agreement.

Promissory estoppel is a doctrine used "to enforce promises when consideration is lacking, . . . to enforce promises underlying otherwise defective contracts and promises made during the course of preliminary negotiations."  Great Lakes Aircraft Co., Inc. v. City of Claremont, 135 N.H. 270, 290 (1992).  The doctrine "serves to impute contractual stature based upon an underlying promise, and to provide a remedy to the party who detrimentally relies on the promise."  Id.  "[I]n all instances, application of promissory estoppel is appropriate only in the absence of an express agreement."  Id.

Gene's contends that the employment letter is an express agreement for at-will employment, which precludes the promissory estoppel claim.  Beaulac and Beattie assert that they have alleged sufficient facts to support a claim of promissory estoppel and that the employment agreement does not allow Gene's to violate the promise of six months of employment.  Beaulac and Beattie rely on Panto v. Moore's Business Forms, 130 N.H. 730 (1988), to show that their promissory estoppel claim is not barred by the employment agreement.

5

In Panto, the defendant hired the plaintiff as an at-will employee. Id. at 732. Eleven years later, facing the need to reduce its workforce, the defendant issued a written policy statement to employees, including the plaintiff, which was titled "Layoffs and Returns" and provided certain benefits. Id. When the defendant then reorganized the plaintiff's department, the plaintiff decided not to accept the revised position and resigned. Id. He claimed to have been laid off and to be entitled to the deferred compensation benefits provided in the "Layoffs and Returns" policy statement. Id.

After making some preliminary findings, the court considered "whether the defendant's statement of terms of employment, unilaterally promulgated to someone who is already an at-will employee, is or can become enforceable by the employee." Id. at 734. The court found that the circumstances supported a unilateral contract. Id. at 735. The policy statement was deemed to be an offer that was subject to acceptance by the employee through continued performance of his duties, which then formed an enforceable contract. Id. The court did not consider a promissory estoppel theory. Id. at 738 ("Because we do not understand Panto's pleadings to raise an estoppel claim, we will say no more here about this theory of enforcement.").

6

Beaulac and Beattie attempt to use <u>Panto</u> to support their promissory estoppel theory even though <u>Panto</u> addressed a different issue, modification of an at-will employment relationship through a subsequent unilateral contract, rather than promissory estoppel. The facts and holding in <u>Panto</u> do not support the promissory estoppel claim raised here. Beaulac and Beattie accepted Gene's written employment offer in the letter, and there are no allegations of a later unilateral offer of different terms, which is what occurred in <u>Panto</u>.

Therefore, because Beaulac's and Beattie's employment is governed by a written agreement, the promissory estoppel claim is dismissed.

B.  <u>Breach of Contract</u>

Beaulac and Beattie allege that Gene's breached the employment agreement by firing them before they had worked for six months. Gene's moves to dismiss the claim on the grounds that the agreement did not include a term for the duration of their employment, making Beaulac and Beattie at-will employees who could be terminated at any time. Beaulac and Beattie argue that the letter was not a complete integration of their agreement and that the letter agreement provides for employment for at least six months.

7

The meaning of a written contract is a question of law for the court. Holloway Auto. Gr. v. Giacalone, 169 N.H. 623, 628 (2017). "When interpreting a written agreement, [the court gives] the language used by the parties its reasonable meaning, reading the document as a whole, and considering the circumstances and the context in which the agreement was negotiated." Id. When an issue arises as to whether a writing expresses the parties' complete agreement, the court must first decide whether the writing is a total integration of the agreement. Behrens v. S.P. Constr. Co., Inc., 153 N.H. 498, 504 (2006); MacLeod v. Chalet Susse Int'l, Inc., 119 N.H. 238, 242-43 (1979).

"Employment at will refers to an employment contract that is for an indefinite period of time and is terminable at will." J & M Lumber & Constr. Co., Inc. v. Smyjunas, 161 N.H. 714, 725 (2011). "The prevailing rule in New Hampshire is that, absent an agreement to the contrary, employment contracts are 'at-will', meaning that both parties are free at any time to terminate the employment relationship, with or without cause." Leeds v. BAE Sys., 165 N.H. 376, 379 (2013).

The letter agreement does not include an express duration for employment or a provision that Beaulac and Beattie were at-will employees. The agreement also lacks an integration clause.

8

Therefore, it does not expressly address the issues raised for breach of contract.

Although the letter agreement required Beaulac and Beattie to work for at least six months in exchange for the sign-on bonus, it does not include a reciprocal provision requiring Gene's to employ Beaulac and Beattie for six months, or for any specific amount of time. Ordinarily, that omission would result in an at-will employment relationship.

Beaulac and Beattie allege in the amended complaint, however, that Beaulac explained to the Olivers before they accepted the jobs at Gene's that "there had to be a guarantee of employment for at least 6 months." They also allege that "Gene's agreed that it would employ Ms. Beaulac and Mr. Beattie for at least 6 months."

Based on the circumstances alleged in the amended complaint, along with the references to six months in the letter agreement, the parties may have intended the six-month employment commitment to be reciprocal. That is, the parties may have intended that Beaulac and Beattie would promise to work for six months and Gene's would promise to employ them for six months. If the agreement were interpreted to include a six-month term of employment, Beaulac and Beattie would not have been at-will employees, and Gene's would have breached the

9

employment agreement by firing them less than six months after they started work.

Therefore, the breach of contract claim based on a term of employment should be addressed, if appropriate, in the more factually developed context of a motion for summary judgment.

C.  Implied Covenant of Good Faith and Fair Dealing

As part of their breach of contract claim, Beattie and Beaulac allege that Gene's breached the implied covenant of good faith and fair dealing.  Beaulac and Beattie allege only that "Gene's had an obligation of good faith and fair dealing with respect to the contract it had with [them]" and that "Gene's violated its contractual obligations."  Gene's contends that those allegations are insufficient to state a claim of breach of the implied covenant.

All contracts include an implied covenant of good faith and fair dealing.  J & M Lumber, 161 N.H. at 725; see also Porter v. City of Manchester, 151 N.H. 30, 38-39 (2004) (distinguishing between contract and tort actions).  The three categories of the implied covenant address separate contractual functions: "(1) contract formation; (2) termination of at-will employment agreements; and (3) limitation of discretion in contractual performance."  J & M Lumber, 161 N.H. at 724.  The covenant to act in good faith in terminating at-will employment agreements

10

is violated "'by firing an employee out of malice or bad faith in retaliation for action taken or refused by the employee in consonance with public policy.'"  Harper v. Healthsource N.H., Inc., 140 N.H. 770, 776 (1996) (quoting Centronics Corp. v. Genicom Corp., 132 N.H. 133, 140 (1989)).

Gene's moves to dismiss the claim on the ground that Beaulac and Beattie have not alleged a violation of public policy.  Beaulac and Beattie do not address that omission.

As alleged in the amended complaint, Gene's fired Beaulac and Beattie because Logiudice of All Systems threatened to stop doing business with Gene's.  Beaulac and Beattie do not allege that they were fired in retaliation for any action they took or refused to take in consonance with public policy.  As a result, Beaulac and Beattie have not stated a claim that Gene's breached the implied covenant of good faith and fair dealing that applies to termination of at-will employment agreements.  See, e.g., Kertanis v. Georgia-Pacific Gypsum, LLC, 2016 WL 3033706, at *6 (D.N.H. May 26, 2016); Isaacs v. Dartmouth-Hitchcock Med. Ctr., 2014 WL 1572559, at *15 (D.N.H. Apr. 18, 2014).

In their surreply, however, Beaulac and Beattie raise for the first time the third category of the implied covenant, which imposes a limitation on the discretion used in contractual performance.  As alleged, however, the claim in this case involves termination of employment in breach of the agreement,

11

not contractual performance.  Beaulac and Beattie have not shown that the third category of the implied duty would apply in the circumstances of this case.

Therefore, that part of the breach of contract claim in Count III that is based on the covenant of good faith and fair dealing is dismissed.

D.   New Hampshire Consumer Protection Act – RSA Chapter 358-A

Count V is titled:  "UNFAIR BUSINESS PRACTICES (New Hampshire RSA 358-A) All defendants."  Despite designating all defendants, Beaulac and Beattie allege only that the conduct of All Systems and Logiudice was unfair and deceptive and do not mention Gene's.  Therefore, they do not allege a claim that Gene's violated RSA Chapter 358-A.

Gene's moves to dismiss the claim on the ground that Beaulac's and Beattie's claim arises out of their employment relationship with Gene's.  To the extent Beaulac and Beattie may have intended to bring a claim against Gene's in Count V, they have not stated a viable cause of action.  Claims arising from employment disputes are not actionable under RSA Chapter 358-A. See Gately v. Mortara Instrument, Inc., 2017 WL 3431964, at *7 (D.N.H. Aug. 9, 2017); Donovan v. Digital Equip. Corp., 883 F. Supp. 775, 787 (D.N.H. 1994).  Beaulac's and Beattie's efforts to describe their dispute with Gene's as something other than an

12

employment dispute and their reliance on [Professional Staffing Gr. v. Champigny](), 2004 WL 3120093 (Mass. Super. Nov. 18, 2004), are not persuasive in the context of this case.

## Conclusion

For the foregoing reasons, Gene's motion to dismiss (document no. 24) is granted as to Count II, Count V, and that part of Count III that is based on the implied covenant of good faith and fair dealing.

The claims remaining in the case are Count I against All Systems and Logiudice, Count III limited to the claim that Gene's breached the employment agreement by firing Beaulac and Beattie without cause before they had worked there for six months, Count IV against All Systems and Logiudice, and Count V against All Systems and Logiudice.

SO ORDERED.

_____
Joseph DiClerico, Jr.
United States District Judge

October 19, 2017

cc:  Brian L. Champion, Esq.
     Talesha L. Saint-Mar, Esq.
     David P. Slawsky, Esq.
     Tyler Smith, Esq.