# United States Court of Appeals

## For the First Circuit

No. 21-1299

IN RE: BUILDERS HOLDING CO., CORP.,

Debtor.

ORIENTAL BANK,

Appellant,

v.

BUILDERS HOLDING CO., CORP.; MAPFRE PRAICO INSURANCE COMPANY;
ENDURANCE ASSURANCE CORPORATION; PUERTO RICO FINANCING
AUTHORITY; NOREEN WISCOVITCH-RENTAS, TRUSTEE,

Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Barron, Chief Judge,
Howard and Gelpí, Circuit Judges.

Cristina A. Fernández Rodríguez, with whom MCD Law LLC was on brief, for appellant.
José A. Sánchez Girona, with whom Saldaña, Carvajal & Vélez-Rivé, PSC was on brief, for appellees MAPFRE PRAICO Insurance Company and Endurance Assurance Corporation.
Jeannette López de Victoria, with whom Luis R. Ortiz Segura and Oliveras & Ortiz, PSC were on brief, for appellee Puerto Rico Financing Authority.

July 28, 2022

**BARRON, Chief Judge.** Builders Holding Company ("Builders"),[1] a general contractor, filed for bankruptcy in the United States Bankruptcy Court for the District of Puerto Rico in August 2016. Builders then filed an adverse action against the Puerto Rico Infrastructure Financing Authority ("Financing Authority"), which had hired Builders for construction projects, and Oriental Bank, with which Builders had a deposit account. Builders's surety, MAPFRE PRAICO Insurance Company and Endurance Assurance Corporation ("MAPFRE"), intervened in that adverse action and filed its own claims against Oriental Bank. At the same time, Oriental Bank filed counterclaims in the adverse action against MAPFRE and Builders. All the claims in the adverse action pertained to funds -- totaling more than $450,000 -- that the Financing Authority had directly deposited in Builders's deposit account with Oriental Bank and that Oriental Bank had taken from that account to set off a debt that Builders owed to it.

The Bankruptcy Court granted summary judgment against Oriental Bank on all the claims asserted against it.[2] Oriental Bank appealed that ruling to the District Court, which affirmed.

---

[1] References to Builders throughout the opinion refer to the Builders Holding Company and its predecessor entities.

[2] The Bankruptcy Court also granted summary judgment in favor of the Financing Authority as to Builders's claims against it.

We vacate and remand the grant of summary judgment against Oriental Bank on all the claims.

I.

Builders offers general-contractor services for construction projects. It entered into an indemnification agreement with MAPFRE on August 5, 2010.

The agreement provided that MAPFRE would issue surety bonds to guarantee the payment of labor and materials for Builders's construction projects and that Builders would hold MAPFRE harmless and indemnify MAPFRE against any and all loss from the surety bonds that it issued. The agreement further provided that Builders would assign "all payments received for or on account of any contract" to a trust that would "inure to the benefit of [the] surety for any liability or loss it may have or sustain under any bond" (capitalization adjusted).

MAPFRE registered the agreement as a financing statement at the Puerto Rico Department of State pursuant to Puerto Rico law. The parties do not dispute that MAPFRE's registration of the agreement perfected MAPFRE's security interest in Builders's accounts receivable.

A number of years passed, and, on November 14, 2013, Builders executed a Cash Management Agreement with Oriental Bank. The agreement enabled Builders to use an existing charge account

at Oriental Bank as its operational account for business income and expenses ("Deposit Account").

On December 26, 2014, Builders opened two lines of credit for business operational expenses with Oriental Bank pursuant to a Line of Credit Agreement. One line of credit was for $675,000. The other was for $500,000.

The lines of credit were secured by Builders's accounts receivable and Deposit Account.[3] Oriental Bank recorded its security interest in this collateral on December 30, 2014.

In September 2015, the Financing Authority contracted with Builders for construction projects in the town of Cabo Rojo. MAPFRE acted as surety for this contract and issued performance and payment bonds. The bonds had a maximum of $3,070,480. The Financing Authority was named as obligee on the bonds and Builders was named as the principal.

Builders's lines of credit with Oriental Bank matured approximately three months later. Thus, as of December 26, 2015, Builders was required to repay Oriental Bank the entirety of the sum due on the lines of credit, which was more than $450,000.

Then, on February 16, 2016, MAPFRE sent a letter to the Financing Authority. The letter informed the Financing Authority

---

[3] Builders represented to Oriental Bank that the accounts receivable were not otherwise encumbered -- even though the accounts receivable were subject to MAPFRE's security interest.

that MAPFRE had received claims from contractors on Builders's projects for payment for the cost of labor or materials under the surety bonds that MAPFRE had issued for Builders's projects with the Commonwealth. The letter further informed the Financing Authority that, per the terms of MAPFRE's indemnification agreement with Builders, payments from the Financing Authority for the costs of Builders's construction projects in Cabo Rojo were to be sent to MAPFRE and made payable jointly to Builders and MAPFRE. Approximately one week later, Builders also informed the Financing Authority that it should send all future payments for Builders's work on the construction projects in Cabo Rojo to MAPFRE and that the payments should be made out jointly to MAPFRE and Builders.

Notwithstanding these instructions, the Financing Authority on May 23, 2016, deposited $537,924.18 directly into Builders's Deposit Account at Oriental Bank. The Financing Authority did not in doing so make any payment to MAPFRE. At the time of the Financing Authority's deposit of the more than $500,000 into Builders's Deposit Account, Builders had yet to repay in full the amount that it owed to Oriental Bank on its lines of credit.

Under Puerto Rico law, a bank with "a security interest in a deposit account perfected by control . . . may apply the balance of the deposit account to the obligation secured by the deposit account." P.R. Laws Ann. tit. 19, § 2367(a)(4). Acting pursuant to that provision, Oriental Bank applied $464,757.60 from

the balance deposited into Builders's Deposit Account against the outstanding balance on Builders's lines of credit.

The following day, the Financing Authority unsuccessfully attempted to reverse the deposit that it had made to Builders's Deposit Account with Oriental Bank. Moreover, the Financing Authority sent Oriental Bank a letter the following week that explained its error in not making any payment to MAPFRE and instead making the deposit directly into Builders's Deposit Account. Oriental Bank did not return the money that it had taken from Builders's Deposit Account to use as a set-off in connection with the debt that Builders owed it.

The Financing Authority followed up with another letter to Oriental Bank on December 12, 2017, in which the Financing Authority again requested that the funds in question be turned over to MAPFRE. Oriental Bank again did not do so.

MAPFRE sent its own letter to Oriental Bank on July 1, 2016, in which it requested that Oriental Bank send to MAPFRE the money that it had taken from Builders's Deposit Account as a set-off of Builders's debt to Oriental Bank. Builders sent a similar letter of its own. Oriental Bank did not take the action requested in either letter.

Builders filed for bankruptcy under Chapter 11 of the Bankruptcy Code on August 20, 2016. Builders then brought an

adverse action against the Financing Authority and Oriental Bank on January 12, 2017.

The complaint set forth four claims under §§ 542 and 543 of the Bankruptcy Code. Those provisions of the Code require all the debtor's property to be delivered to the trustee.[4]

Counts One and Two of Builders's complaint allege, respectively, that under §§ 542 and 543, the Financing Authority is required to turn over the funds Builders alleges that the Financing Authority still owes it for the construction projects in Cabo Rojo. Builders alleges in those two counts that the Financing Authority did not satisfy its obligations to Builders by directly depositing funds into Builders's Deposit Account because Builders had instructed the Financing Authority to send those funds directly to MAPFRE. Counts Four and Five allege, under §§ 542 and 543 of the Bankruptcy Code, that Oriental Bank is required to return the funds that it took from Builders's Deposit Account as a set-off,

---

[4] 11 U.S.C. § 542(a) provides that:

> [A]n entity, other than a custodian, in possession, custody, or control . . . of property that the trustee may use, sell, or lease under [§] 363 of this title, or that the debtor may exempt under [§] 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 543(b) provides similarly for "custodians" of such property.

so that those funds can be delivered to MAPFRE, which the complaint further alleges has a senior claim as to those funds. Count Three of the complaint alleges that "[u]nder Puerto Rico [l]aw[,] the wrongly made payment does not extinguish the obligation" that the Financing Authority has under its construction contract with Builders for the construction projects in Cabo Rojo, such that the Financing Authority still owes Builders a debt under that contract that must be paid.

Oriental Bank moved to dismiss Builders's complaint under Federal Rule of Civil Procedure 12(b)(6) on February 6, 2017. The Bankruptcy Court denied the motion.

On April 3, 2017, MAPFRE intervened in Builders's adverse action, and on May 26, 2017, MAPFRE filed its own complaint against Builders, the Financing Authority, and Oriental Bank. MAPFRE requested in that complaint, among other things, that Oriental Bank turn over the funds that had been deposited by the Financing Authority in Builders's Deposit Account.

Following the Bankruptcy Court's denial of Oriental Bank's motion to dismiss, Oriental Bank answered Builders's complaint on June 2, 2017. As part of the answer, Oriental Bank brought a counterclaim against Builders, in which Oriental Bank alleged that, under Puerto Rico law, it had a valid, enforceable lien against Builders's accounts receivable and Deposit Account

- 9 -

and thus that it was entitled under 11 U.S.C. § 553 to set off the amount that Builders owed to it on Builders's lines of credit.[5]

That same day, Oriental Bank answered MAPFRE's intervenor complaint and brought a counterclaim against MAPFRE. Oriental Bank's counterclaim alleged that Oriental Bank's secured interest in Builders's accounts receivable and Deposit Account was senior to that of MAPFRE, such that Oriental Bank was entitled to keep the funds that it had taken from Builders's Deposit Account as a set-off of the debt owed to it by Builders.

The Financing Authority answered Builders's and MAPFRE's complaints on June 2, 2017. MAPFRE answered Oriental Bank's counterclaim on June 26, 2017. And, finally, on July 11, 2017, Builders answered both Oriental Bank's counterclaim as well as MAPFRE's intervenor complaint.

Thereafter, motions for summary judgment were filed, and Builders moved to convert its Chapter 11 bankruptcy petition to a Chapter 7 petition. The Bankruptcy Court granted that motion on

_____

[5] 11 U.S.C. § 553(a) provides, with a few exceptions that are not relevant to this appeal, that:

> [The Bankruptcy Code] does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

- 10 -

April 27, 2018, and a trustee was appointed. The trustee elected to join the summary judgment motion that MAPFRE had filed.

In response to the summary judgment motions, the Bankruptcy Court on March 31, 2020, granted summary judgment to MAPFRE and the trustee on their claims against Oriental Bank, granted summary judgment in favor of MAPFRE and the trustee on the claims that Oriental Bank asserted against those parties, and granted summary judgment in favor of the Financing Authority as to the claims asserted against it by Builders and MAPFRE. See Rentas v. Oriental Bank (In re Builders Holding Co.), 617 B.R. 414, 428-29 (Bankr. D.P.R. 2020). In so ruling, the Bankruptcy Court held that Oriental Bank's set-off was not permitted under the Bankruptcy Code because the Financing Authority had made a payment to Builders that was a payment in error under Article 1795 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5121,[6] and Oriental Bank was thus required to return the funds mistakenly paid to Builders's Deposit Account to the payor, the Financing Authority, which had been instructed by MAPFRE and Builders to make the payment directly to MAPFRE. In re Builders Holding Co., 617 B.R. at 427-28.

---

[6] Article 1795, translated, states that "[i]f a thing is received when there was no right to claim it and which, through an error, has been unduly delivered, there arises an obligation to restore the same." P.R. Laws Ann. tit. 31, § 5121.

On April 14, 2020, Oriental Bank filed a motion for reconsideration with the Bankruptcy Court. The Bankruptcy Court denied the motion on November 5, 2020. See In re Builders Holding Co., Ch. 11 Case No. 16-06643, Adv. No. 17-00012, 2020 WL 6538587, at *2 (Bankr. D.P.R. Nov. 5, 2020).

Oriental Bank then appealed the Bankruptcy Court's rulings against it to the United States District Court for the District of Puerto Rico. The District Court affirmed the Bankruptcy Court's grants of summary judgment on March 4, 2021, finding that the Bankruptcy Court correctly applied Article 1795. See Oriental Bank v. Builders Holding Co., 626 B.R. 1, 11-12 (D.P.R. 2021). Oriental Bank timely appealed from that ruling.[7]

## II.

The Bankruptcy Court held that 11 U.S.C. § 553 did not permit Oriental Bank to use the funds that the Financing Authority had deposited into Builders's Deposit Account as a set-off for the debt that Builders owed to it. In re Builders Holding Co., 617 B.R. at 427-28. The Bankruptcy Court explained that this was so because, under § 553(a), a creditor may set off funds owed to it

---

[7] We note that the parties appear to treat the Bankruptcy Court as having granted summary judgment in favor of the Financing Authority on claims against it by Oriental Bank. It does not appear, however, that Oriental Bank brought any such claims. In addition, we note, MAPFRE and the trustee have not appealed the rulings granting summary judgment in favor of the Financing Authority on its claims against that entity.

by a debtor in bankruptcy if the creditor would have been able to do so if the debtor had not filed for bankruptcy. And, the Bankruptcy Court concluded, if Builders had not filed for bankruptcy, Oriental Bank would not have had any right under Puerto Rico law, given Article 1795, to the funds that the Financing Authority had deposited directly in Builders's Deposit Account. Id. It was on that basis, and that basis alone, that the Bankruptcy Court granted summary judgment against Oriental Bank on all the claims at issue in the adverse action that involved Oriental Bank. The District Court rejected Oriental Bank's challenge to that ruling.

Litigants in a bankruptcy proceeding ordinarily "must first appeal to the district court" and then "courts of appeals are . . . available as a second tier of appellate review," but, "[d]espite this sequencing, we cede no special deference to the determinations made by the first-tier tribunal . . . [and] assess the bankruptcy court's decision directly." City Sanitation, LLC v. Allied Waste Servs. Mass., LLC (In re Am. Cartage, Inc.), 656 F.3d 82, 87 (1st Cir. 2011). We thus review the Bankruptcy Court's grant of summary judgment de novo. See Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994).[8]

---

[8] MAPFRE contends that we should review the Bankruptcy Court's determination that the set-off here was not permissible under the Bankruptcy Code for an abuse of discretion. Notwithstanding whether that would be the appropriate standard of review in some

- 13 -

In challenging the grant of summary judgment to the Financing Authority, Oriental Bank argues to us that "the Financing Authority did not show or prove the requirements to establish a cause of payment made in error." See P.R. Laws Ann. tit. 31, § 5126 ("The proof of payment is incumbent upon the person who claims to have made the same. He shall also be obliged to prove the error under which he made it."). For that reason, Oriental Bank contends, the Bankruptcy Court erred in ruling that Oriental Bank was obligated to return the money that it had set off against Builders's debt to it.

According to the Supreme Court of Puerto Rico, Article 1795 applies when: (1) a "payment [is] produced for the purpose of extinguishing an obligation;" (2) "the payment made does not have a just cause, that is, that there is no legal obligation between the payer and the receiver, or if the obligation exists, that it [is] for less than the amount paid;" and (3) "the payment was made by mistake and not out of sheer generosity or any other reason." Puerto Rico v. Crespo Torres, 180 P.R. Dec. 776,

circumstances when § 553 is at issue, here, we conclude that the Bankruptcy Court's application of the payment-in-error doctrine was legally incorrect. As such, even if the standard were abuse of discretion, we would still reverse the Bankruptcy Court's grant of summary judgment and remand for further proceedings. See Saka v. Holder, 741 F.3d 244, 250 (1st Cir. 2013) ("Any error of law is, inherently, an abuse of discretion.").

793-94 (2011).[9]  Thus, given how the Supreme Court of Puerto Rico has construed Article 1795, we must identify the "receiver" of the "payment" from the "payer."

The complication for the Financing Authority here is that it is not claiming that, under Article 1795, Builders is required to return a "payment" that Builders "received" from the Financing Authority.  The Financing Authority is claiming that, under that doctrine, Oriental Bank is required to return a "payment" that Oriental Bank "received" from the Financing Authority.

The Financing Authority did not make a "payment" to Oriental Bank in its own right, however.  The Financing Authority made a "payment" to Builders, which had a deposit account with Oriental Bank, by transferring its funds directly into that account.  Thus, strictly speaking, only Builders made a "payment" that Oriental Bank itself "received" (though Builders made the payment to Oriental Bank only because Builders received funds through the payment that it had received from the Financing Authority).

The consequence of this chain of transactions -- and the party from which the Financing Authority is seeking recoupment --

---

[9] The Supreme Court of Puerto Rico's opinion in this case was written in Spanish.  Oriental Bank thus submitted a certified translation of this case in its briefing to us, and it is that translation that we quote in this opinion.

is that the question presented here is whether Article 1795 applies even when there is this level of remove between the "payer" and the "receiver," Crespo Torres, 180 P.R. Dec. at 793-94; see Phoung Luc v. Wyndham Mgmt. Corp., 496 F.3d 85, 88 (1st Cir. 2007) (When "apply[ing] the state's law on substantive issues[,] . . . 'we are bound by the teachings of the state's highest court.'" (quoting N. Am. Specialty Ins. Co. v. Lapalme, 258 F.3d 35, 37–38 (1st Cir. 2001))); Carrasquillo-Serrano v. Municipality of Canovanas, 991 F.3d 32, 40 (1st Cir. 2021) (explaining that for purposes akin to ours' here, "Puerto Rico is the functional equivalent of a state[,] . . . [and] an on-point decision of the Puerto Rico Supreme Court normally will control" (quoting Gonzalez Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313, 318 (1st Cir. 2009))). It is not at all natural, however, to refer to a third party to a transfer of funds -- as Oriental Bank is here, given that the transfer, at least initially, was only between the Financing Authority and Builders -- as the "receiver" of the funds from that transfer by the "payer." Yet, neither MAPFRE nor the Financing Authority develops an argument to us as to how we may construe Article 1795 to apply to situations like this one beyond merely asserting (unpersuasively) that the face of the statute compels the conclusion. Nor does either the Bankruptcy Court or the District Court explain why such a construction would be correct. We thus conclude that the Bankruptcy Court was wrong to find that

Article 1795 compelled the return of funds Oriental Bank set off against Builders's debt to it. See S. Commons Condo. Ass'n v. Charlie Arment Trucking, Inc., 775 F.3d 82, 91 (1st Cir. 2014) (noting that plaintiffs, "having chosen a federal forum to seek relief that depends at least in part on the meaning of state law, should not 'expect the federal court to steer state law into unprecedented configurations'" (quoting Santiago v. Sherwin Williams Co., 3 F.3d 546, 549 (1st Cir. 1993))); see also Phoung Luc, 496 F.3d at 88 ("As a federal court, we will not create new rules or significantly expand existing rules. We leave those tasks to the [Commonwealth] courts.").[10]

That said, there remains a question whether the set-off that Oriental Bank asserts here is senior to the secured interest that MAPFRE has in the same collateral under Puerto Rico law, as well as the seemingly fact-laden question (to the extent that it is contested) as to whether Oriental Bank's set-off was a "mutual debt," 11 U.S.C. § 553(a); see In re Pub. Serv. Co. of N.H., 884 F.2d 11, 14 (1st Cir. 1989) ("[A] set[-]off may flourish in

---

[10] We note that neither MAPFRE nor the Financing Authority asks us to certify this question to the Supreme Court of Puerto Rico, even though the Financing Authority identifies no Puerto Rico court case in which Article 1795 has been applied in a circumstance in which the party relying on the payment-in-error doctrine seeks to recover funds that were paid to a third party pursuant to a transfer that was otherwise valid when made (as is seemingly the case with the transfer from Builders to Oriental Bank).

- 17 -

bankruptcy proceedings only where mutuality of obligation exists: a prepetition debt, i.e., a debt which arose prior to commencement of the bankruptcy case, is owed by Creditor A to Debtor, while at the same time Creditor A has some claim against Debtor which likewise arose prior to commencement of the bankruptcy case."). In addition, § 553 of the Bankruptcy Code remains available only if Oriental Bank's set-off is otherwise valid under Puerto Rico law, which may implicate other doctrines such as the doctrine of unjust enrichment. See Gov't of Puerto Rico v. Carpenter Co., 442 F. Supp. 3d 464, 476-77 (D.P.R. 2020) (describing the "civil law equity doctrine" of unjust enrichment as recognized by Puerto Rico). We thus remand this case to the Bankruptcy Court, see Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 36 (1st Cir. 1994), for further proceedings in which those questions may be addressed, including by determining whether the proper course may be to certify to the Supreme Court of Puerto Rico any question of Puerto Rico law that may be implicated by what remains to be decided.

### III.

For these reasons, we **vacate** the grant of summary judgment against Oriental Bank as to the claims asserted against it that are at issue in this appeal and the grant of summary judgment in favor of Builders and MAPFRE on Oriental Bank's claims against those parties. We **remand** for further proceedings

consistent with this opinion.  The parties shall bear their own costs.