# United States Court of Appeals
## For the First Circuit

No. 22-1314

IN RE: ALEXANDER V. BROWN,

DEBTOR.

ALEXANDER V. BROWN,

Appellant,

v.

WILLIAM K. HARRINGTON, United States Trustee for Region 1,

Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, U.S. District Judge]

Before

Barron, Chief Judge,
Selya and Lipez, Circuit Judges.

David G. Baker for appellant.
Andrew W. Beyer, Trial Attorney, United States Department of Justice, with whom Ramona D. Elliott, Deputy Director/General Counsel, P. Matthew Sutko, Associate General Counsel, William K. Harrington, United States Trustee for Region 1, John P. Fitzgerald, III, Assistant United States Trustee, and Eric K. Bradford, Trial Attorney, were on brief, for appellee.

December 16, 2022

BARRON, **Chief Judge**.  This second-tier bankruptcy appeal challenges a judgment by the United States District Court for the District of Massachusetts that affirmed the dismissal of Alexander V. Brown's voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code").  The United States Bankruptcy Court for the District of Massachusetts dismissed Brown's case on two independent grounds: that Brown failed to pay certain fees to the United States Trustee (the "U.S. Trustee") pursuant to 28 U.S.C. § 1930(a)(6) and that he failed to serve certain quarterly reports on the U.S. Trustee pursuant to the Bankruptcy Court's confirmation order.  We affirm based on the second of those two grounds because that ground fully suffices to support the District Court's judgment.  We emphasize that, in pursuing this more economical approach, we do not in any way mean to suggest that the first ground is not sound in its own right.

**I.**

The material facts are not in dispute.  On March 17, 2011, Brown filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.  After objections from the chapter 13 trustee and two mortgagees prevented Brown from confirming his plan of reorganization (the "Plan"), Brown converted his case from chapter 13 to chapter 11 on July 20, 2012.

On September 9, 2014, the Bankruptcy Court entered an order that confirmed Brown's Sixth Amended Plan as further modified

by the same court order.  The confirmation order provided, in relevant part, that:

> The Debtor will be responsible for timely payment of quarterly fees incurred pursuant to 28 U.S.C. 1930(a)(6) until its case is closed or dismissed.  After confirmation, the Debtor will serve the United States Trustee with a quarterly disbursement report for each quarter (or portion thereof) so long as the case is open.  The quarterly report shall be due fifteen days after the end of the calendar quarter.

The confirmation order further explained that Brown's case could be administratively closed "pending completion of plan payments" and that "[d]uring the period that the case is administratively closed, the Debtor shall not be required to file monthly or quarterly reports and shall not be required to pay quarterly fees to the United States Trustee."  The statutory provision referenced in the confirmation order, 28 U.S.C. § 1930(a)(6), required debtors to pay quarterly fees "in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first."  28 U.S.C. § 1930(a)(6) (2014).

The Bankruptcy Court administratively closed Brown's case on August 12, 2016 because he had "made his initial distribution under the Plan, and there [was] no cause for the case to remain open during the Plan payment period."  However, the Bankruptcy Court reopened Brown's case twice thereafter.  The

- 4 -

Bankruptcy Court first reopened Brown's case on August 8, 2017, at Brown's behest, to facilitate a sale of estate property whose proceeds would be used "to complete all of the payments required by the plan." The Bankruptcy Court then administratively closed the reopened case on May 9, 2018, when the proposed sale did not go through. The Bankruptcy Court next reopened the case on September 17, 2018, after granting Brown's second motion to reopen to file an adversary complaint against a mortgagee.

During the four calendar quarters that Brown's case was reopened from August 8, 2017 through May 9, 2018, Brown did not serve the U.S. Trustee with any quarterly reports or pay the quarterly fees to the U.S. Trustee that § 1930(a)(6) required. Brown also did not serve quarterly reports on the U.S. Trustee or pay the U.S. Trustee the quarterly fees that § 1930(a)(6) required during any of the quarters after the Bankruptcy Court reopened Brown's case on September 17, 2018.

Brown filed an emergency motion on December 30, 2020 to administratively close his case "before the end of the year, thus avoiding additional fees to the United States Trustee." Brown did so prior to the enactment of the Bankruptcy Administration Improvement Act of 2020. That measure amended § 1930(a)(6) by

striking the former subsection (B),[1] and replacing it, in relevant part, with the following:

> During the 5-year period beginning on January 1, 2021, in addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States trustee, for deposit in the Treasury, in each open and reopened case under chapter 11 of title 11, other than under subchapter V, for each quarter (including any fraction thereof) until the case is closed, converted, or dismissed, whichever occurs first.

Bankruptcy Administration Improvement Act of 2020, Pub. L. No. 116-325, § 3, 134 Stat. 5086, 5088 (2021) (codified at 28 U.S.C. § 1930(a)(6)(B)(i)).

Concerned with the "revolving door" nature of the case more than six years after confirmation, the Bankruptcy Court denied Brown's emergency motion and ordered an accounting of all Plan payments made on certain secured, administrative, and priority

---

[1] The Supreme Court declared the former version of 28 U.S.C. § 1930(a)(6)(B) unconstitutional for violating the uniformity requirement of the Bankruptcy Clause, U.S. Const. art. I, § 8, cl. 4. Siegel v. Fitzgerald, 142 S. Ct. 1770 (2022). That unconstitutional version read:

> During each of fiscal years 2018 through 2022, if the balance in the United States Trustee System Fund as of September 30 of the most recent full fiscal year is less than $200,000,000, the quarterly fee payable for a quarter in which disbursements equal or exceed $1,000,000 shall be the lesser of 1 percent of such disbursements or $250,000.

28 U.S.C. § 1930(a)(6)(B) (2017).

claims. Brown admitted in response to that order that, between the third quarter of 2012 and the first quarter of 2021, he had not paid quarterly fees to the U.S. Trustee pursuant to § 1930(a)(6) for eighteen quarters nor served quarterly reports on the U.S. Trustee for twenty-one quarters.

The U.S. Trustee moved to dismiss Brown's chapter 11 case "for cause" pursuant to 11 U.S.C. § 1112(b)(1). First, the U.S. Trustee alleged that, by not serving the quarterly reports for twenty-one quarters between 2012 and 2021, Brown had violated § 1112(b)(4)(E) ("failure to comply with an order of the court") and (H) ("failure timely to provide information . . . reasonably requested by the United States trustee"). 11 U.S.C. § 1112(b)(4)(E), (H). The U.S. Trustee also alleged that, by failing to pay the quarterly fees required by § 1930(a)(6) during the same period, Brown had violated § 1112(b)(4)(K) ("failure to pay any fees or charges required under chapter 123 of title 28"). 11 U.S.C. § 1112(b)(4)(K). The Massachusetts Department of Revenue, one of Brown's creditors, filed a statement in support of the U.S. Trustee's motion to dismiss the case for cause.

Brown opposed the U.S. Trustee's motion. Brown first argued that the confirmation order's requirement to serve the quarterly reports on the U.S. Trustee required Brown to serve the reports only "so long as the case is open" and thus did not require him to serve those reports during the periods in which the case

had been "reopened." Brown also contended that the version of § 1930(a)(6) in place when he allegedly failed to pay the required fees to the U.S. Trustee did not require that such fees be so paid during periods in which a case had been reopened.

The Bankruptcy Court granted the U.S. Trustee's motion to dismiss Brown's chapter 11 case for cause. In re Brown, No. 11-12265, 2021 WL 2656686, at *6 (Bankr. D. Mass. June 28, 2021). First, the Bankruptcy Court explained that Brown was required by the confirmation order to serve the quarterly reports on the U.S. Trustee "even after reopening, because a reopened case is, until closed again, open," but that Brown had "failed to produce reports for twenty-one quarters in which the case was open: the third quarter of 2012, the fourth quarter of 2015, and the third quarter of 2016 through the first quarter of 2021." Id. at *4. Thus, the Bankruptcy Court concluded that Brown had "twenty-one times failed to obey an order of the Court. These failures constitute[d] cause for dismissal under § 1121(b)(1) [sic] and (b)(4)(E)." Id. Second, the Bankruptcy Court explained that Brown was required to pay quarterly fees pursuant to § 1930(a)(6) while his case had been reopened because that requirement to pay the fees "applied to any quarter in which the case was open, whether because it had never been closed or because it had been reopened." Id. at *3. Thus, the Bankruptcy Court concluded that dismissal for cause of

- 8 -

Brown's chapter 11 case was also warranted under § 1112(b)(1) and (b)(4)(K).[2]  Id.

The Bankruptcy Court then determined that Brown had "offered no unusual circumstances establishing that conversion or dismissal is not in the best interest of creditors or the estate" under § 1112(b)(2), id. at *5, and granted the U.S. Trustee's motion to dismiss Brown's chapter 11 case, id. at *6.  Brown thereafter sought post-judgment relief, which the Bankruptcy Court denied.

At that point, Brown appealed to the District Court.  In that appeal, Brown largely reprised the arguments that he had made to the Bankruptcy Court, with one twist.  Brown contended, for the first time, that the absence of the words "and reopened" in the pre-2021 version of § 1930(a)(6) showed that "open" and "reopened" cases were not one and the same.  Thus, Brown contended, when his confirmation order was entered in 2014, Congress intended for debtors to pay quarterly fees to the U.S. Trustee pursuant to § 1930(a)(6) only in cases that had not been administratively closed, and not in cases that had been so closed but then reopened. He further contended that "open" as used in the confirmation

---

[2] The Bankruptcy Court held that the U.S. Trustee had failed to show that dismissal of Brown's chapter 11 case was warranted under § 1112(b)(4)(H) because the U.S. Trustee had not actually "requested" the reports from Brown.  In re Brown, 2021 WL 2656686, at *4.

order's reporting requirement must be read in that same restricted way, and thus to require that he serve quarterly reports on the U.S. Trustee only until his case was administratively closed, and not when his case had been so closed but then reopened.

The District Court affirmed the Bankruptcy Court's dismissal of Brown's case for cause under both § 1112(b)(4)(E) and (K), while explaining that Brown could not "support his proposed distinction between 'open' and 'reopened' cases." In re Brown, No. 21-11284, 2022 WL 1200783, at *4 (D. Mass. Apr. 22, 2022). This appeal followed.

## II.

"Litigants in a bankruptcy proceeding ordinarily 'must first appeal to the district court' and then 'courts of appeals are . . . available as a second tier of appellate review,' but, '[d]espite this sequencing, we cede no special deference to the determinations made by the first-tier tribunal . . . [and] assess the bankruptcy court's decision directly.'" Oriental Bank v. Builders Holding Co. (In re Builders Holding Co.), 43 F.4th 1, 7 (1st Cir. 2022) (alterations in original) (quoting City Sanitation, LLC v. Allied Waste Servs. Mass., LLC (In re Am. Cartage, Inc.), 656 F.3d 82, 87 (1st Cir. 2011)). We review the Bankruptcy Court's legal conclusions de novo and the Bankruptcy Court's discretionary rulings -- including whether cause exists to convert or dismiss a chapter 11 case pursuant to 11 U.S.C.

- 10 -

§ 1112(b) -- for abuse of discretion.  See Hoover v. Harrington (In re Hoover), 828 F.3d 5, 8 (1st Cir. 2016).

We begin and end our analysis with Brown's challenge to the dismissal of his chapter 11 case for failure to comply with a court order pursuant to § 1112(b)(1) and (b)(4)(E).[3]  Brown relies on appeal, as he did below, chiefly on his contention that there is a difference between "open" and "reopened" cases and thus that the Bankruptcy Court erred by dismissing his case for failure to comply with the confirmation order because that order required that he serve quarterly reports on the U.S. Trustee only while his case was "open."

We may skip past the inconvenient fact for Brown that it appears that he failed to serve two quarterly reports before his case was ever administratively closed: for the fourth calendar quarter of 2015 (October - December 2015) and the third calendar quarter of 2016 (as relevant, July 2016 - August 12, 2016).  We may do so because the Bankruptcy Court explained, in dismissing

---

[3] The District Court rejected Brown's contention that the Bankruptcy Court lacked jurisdiction to grant the motion to dismiss because it was filed after his Plan's confirmation. In re Brown, 2022 WL 1200783, at *1-3.  In his brief to this court, Brown notes that he "is persuaded by the District Court's reasoning as to jurisdiction," but "incorporates his argument . . . as if fully set forth herein" in the event we disagree.  The District Court correctly concluded that the U.S. Trustee's motion to dismiss for cause was squarely within the Bankruptcy Court's jurisdiction. See Gupta v. Quincy Med. Ctr., 858 F.3d 657, 661-63 (1st Cir. 2017).

- 11 -

Brown's case under § 1112(b)(1) and (b)(4)(E), that the confirmation order required Brown to serve the quarterly reports on the U.S. Trustee not only up until the time the case was administratively closed for the first time, but also for all the quarters in which the case was open, including the quarters in which the case had been reopened. See In re Brown, 2021 WL 2656686, at *4. Given that we owe deference to the Bankruptcy Court's interpretation of its own order, see Monarch Life Ins. Co. v. Ropes & Gray, 65 F.3d 973, 983 & n.12 (1st Cir. 1995), and that the case was "open" in all operative respects during the periods in which it had been reopened, we see no interpretive error with respect to the meaning that the Bankruptcy Court gave to the word "open" in that order.

In urging us to rule otherwise, Brown asserts that the confirmation order's reporting requirement must be understood by reference to 28 U.S.C. § 1930(a)(6), and that when the Bankruptcy Court issued the confirmation order the version of § 1930(a)(6) then in place did not expressly refer to "reopened" cases,[4] even though the 2021 version of that statutory provision does so and also separately refers to "open" cases. Brown thus contends that "the necessary inference" from the statutory language is that

---

[4] In 2014, § 1930(a)(6) did not include a subsection (B). Congress added subsection (B) for the first time in 2017. As explained above, that 2017 version of subsection (B) was held unconstitutional. See supra note 1.

- 12 -

Congress understood reopened cases not to require payment of quarterly fees, such that the confirmation order's reference to "open" may be read to refer only to the period that preceded the initial administrative closure of his case.

Brown does not explain, however, why we must construe the word "open" in the confirmation order's requirement to serve the U.S. Trustee with quarterly reports in light of § 1930(a)(6). After all, that provision imposes no such requirement, as that provision addresses only the payment of quarterly fees to the U.S. Trustee. Moreover, the version of § 1930(a)(6) in effect at the time of the confirmation order's issuance did not use the word "open" in reference to the requirement to pay fees to the U.S. Trustee. That version referred only to "each case." 28 U.S.C. § 1930(a)(6) (2014). And, by the time of the confirmation order's issuance, one bankruptcy court had interpreted "each case" in § 1930(a)(6) to require payment of quarterly fees in reopened cases, see In re Barbetta, LLC, No. 11-04370-8, 2014 WL 3638853 (Bankr. E.D.N.C. July 23, 2014), while reasoning that § 1930(a)(6) applies "'in each case under chapter 11,' and a reopened case is, in fact, a case under Chapter 11." Id. at *4 (citation omitted).

There is also no basis for the conclusion that Brown would have been laboring under a contrary impression about the meaning of the word "open" in the confirmation order when the Bankruptcy Court issued that order. In fact, Brown's December 30,

2020 emergency motion to administratively close his chapter 11 case includes a full and accurate citation to precedent that comes to the same conclusion as In re Barbetta, LLC about the meaning of § 1930(a)(6), namely In re Chandni, LLC, 570 B.R. 530 (Bankr. W.D. La. 2017).[5] We add that Brown identifies no contrary precedent and did not seek clarification about the meaning of "open" in the confirmation order.

Brown does separately contend to us that failure to serve the quarterly reports on the U.S. Trustee was not cause for dismissal within the meaning of § 1112(b)(1) and (b)(4)(E) because, "[w]hen a chapter 11 debtor has confirmed a plan and the case closed, and then reopened," such reports are "of minimal significance, if at all." But, because Brown did not make this argument below, we do not consider it now. Privitera v. Curran (In re Curran), 855 F.3d 19, 27 n.4 (1st Cir. 2017).

**III.**

For these reasons, the judgment of the District Court is **affirmed**.

---

[5] The 2017 version of § 1930(a)(6)(A) was substantially the same as the 2014 version. Critically, the 2021 amendment to subsection (B) introducing the word "reopened" had not yet been added. See 28 U.S.C. § 1930(a)(6) (2017).